UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH CLEVELAND,

    Plaintiff,

    v.

INDIANA STATE PRISON WARDEN,

    Defendant.

CAUSE NO.: 3:19-CV-420-JD-MGG

## OPINION AND ORDER

Keith Cleveland, a prisoner without a lawyer, filed this lawsuit alleging he is being confined in unconstitutional conditions and is being denied medical treatment. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Eighth Amendment requires that prison officials ensure inmates are housed in humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Inmates are entitled to adequate food, clothing, shelter, medical care, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Conditions of confinement may establish a

constitutional violation in combination when each condition alone would not satisfy the standard. *Gillis*, 468 F.3d at 493.

Here, Cleveland alleges that, on May 18, 2019, he was placed in a "stripped down" room and, since that time, has been forced to sleep naked on a rusty, metal bed with no covers. Cleveland alleges that the metal bed is causing him pain due to a bullet that is lodged in his neck near his spine. Giving Cleveland the inferences to which he is entitled at this stage, he has stated a plausible claim for injunctive relief with respect to the conditions of his confinement. *See Townsend v. Fuchs*, 522 F.3d 765, 773-74 (7th Cir. 2008) (lack of proper bedding constituted denial of civilized measure of life's necessities).

As to medical care, prisoners are entitled to medical treatment consistent with the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Prison officials violate the Constitution if they are deliberately indifferent to a prisoner's serious medical needs. *Id*. However, the constitution does not specify how medical care must be delivered, *Westefer v. Neal*, 682 F.3d 679, 681–84 (7th Cir. 2012), and a prisoner "is not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). That said, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *Arnett v. Webster*, 658 F.3d 742, 752–53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008).

Here, Cleveland alleges that he is in severe pain and cannot move his neck due to the metal bed he is being forced to sleep on. Because the pain in so intense, he is

2

worried that the bullet lodged in his neck may have moved. He alleges that he has been requesting medical treatment for the pain and/or an x-ray for over a week but has not been seen by any medical professionals or received any care. Giving Cleveland the inferences to which he is entitled at this stage, he has stated a claim for injunctive relief related to medical treatment for his neck.

Cleveland has named two defendants in this lawsuit—the D.O.C. and Sgt. Gordon. However, the body of his complaint does not mention Sgt. Gordon or suggest that he/she was involved in any of the events described. Thus, Cleveland has not stated a claim against Sgt. Gordon. *See Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003) ("[Section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim."). As to the D.O.C.—the Department of Correction—the address listed is the Indiana State Prison. Liberally construed, Cleveland has named the Indiana State Prison Warden in his official capacity as a defendant. "[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out." *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the clerk will be directed to edit the docket accordingly.

For these reasons, the court:

(1) GRANTS Keith Cleveland leave to proceed against the Indiana State Prison Warden in his official capacity to obtain injunctive relief to remedy the conditions of his confinement related to his clothing and bedding to the extent required by the Eighth Amendment;

(2) GRANTS Keith Cleveland leave to proceed against the Indiana State Prison Warden in his official capacity to obtain injunctive relief to receive medical treatment for his neck as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES D.O.C.;

(5) DISMISSES Sgt. Gordon;

(6) DIRECTS the clerk to add the Indiana State Prison Warden in his official capacity as a defendant;

(7) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Indiana State Prison Warden at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(8) ORDERS pursuant to 42 U.S.C. § 1997e(g)(2), the Indiana State Prison Warden to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 4, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT