UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH CLEVELAND,

Plaintiff,

v.  CAUSE NO.: 3:19-CV-420-JD-MGG

INDIANA STATE PRISON WARDEN,

Defendant.

OPINION AND ORDER

Keith Cleveland, a prisoner without a lawyer, filed this lawsuit alleging he is being confined in unconstitutional conditions and is being denied medical treatment. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Cleveland has named three defendants in this lawsuit—the D.O.C., Sgt. Gordon, and Indiana State Prison Medical. As to the D.O.C.—the Department of Correction—the address listed is the Indiana State Prison. Liberally construed, Cleveland has named the Indiana State Prison Warden in his official capacity as a defendant. "[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any

injunctive relief is carried out." *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the clerk will be directed to edit the docket accordingly.

The Eighth Amendment requires that prison officials ensure inmates are housed in humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Inmates are entitled to adequate food, clothing, shelter, medical care, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Conditions of confinement may establish a constitutional violation in combination when each condition alone would not satisfy the standard. *Gillis*, 468 F.3d at 493.

Here, Cleveland alleges that, on May 18, 2019, he was placed in a "stripped down" room and Sgt. Gordon, knowing that he has a bullet in his neck that causes him pain, ordered that his mat be taken away. Since that time, he has been forced to sleep naked on a rusty, metal bed with no covers. Cleveland alleges that the metal bed is causing him pain due to a bullet that is lodged in his neck near his spine. Giving Cleveland the inferences to which he is entitled at this stage, he has stated a plausible claim for monetary damages against Sgt. Gordon with respect to the conditions of his confinement. *See Townsend v. Fuchs*, 522 F.3d 765, 773-74 (7th Cir. 2008) (lack of proper bedding constituted denial of civilized measure of life's necessities). Cleveland may also proceed against the Warden in his official capacity for injunctive relief.

As to medical care, prisoners are entitled to medical treatment consistent with the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Prison officials violate the Constitution if they are deliberately indifferent to a prisoner's serious medical

needs. *Id*. However, the constitution does not specify how medical care must be delivered, *Westefer v. Neal*, 682 F.3d 679, 681–84 (7th Cir. 2012), and a prisoner "is not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). That said, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *Arnett v. Webster*, 658 F.3d 742, 752–53 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008).

Here, Cleveland alleges that he is in severe pain and cannot move his neck due to the metal bed he is being forced to sleep on. Because the pain is so intense, he is worried that the bullet lodged in his neck may have moved. He alleges that he has been requesting medical treatment for the pain and/or an x-ray for over a week but has not been seen by any medical professionals or received any care. Giving Cleveland the inferences to which he is entitled at this stage, he has stated a claim for injunctive relief against the Warden in his official capacity to receive medical treatment for his neck that complies with the Eighth Amendment. However, he cannot proceed against the Indiana State Prison Medical team on this claim because this is not a suable entity.[1]

Cleveland's amended complaint contains allegations regarding inadequate care for his asthma, but Cleveland has already been granted leave to proceed on that claim

---

[1] Even if Cleveland had sued the company that employs the medical staff, he could not proceed here because there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights."). Because Cleveland's complaint against the medical staff appears to be based only on their poor decisions in connection with his care, he could not proceed against the company that employs them.

in another case: *Cleveland v. Warden*, 3:19-CV-406-RLM-MGG (N.D. Ind. filed May 24, 2019). *See Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (it is malicious for a plaintiff with *in forma pauperis* status to file a lawsuit that duplicates allegations of another lawsuit brought by the same plaintiff) and *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (suit is "malicious" for purposes of Section 1915A if it is intended to harass the defendant or is otherwise abusive of the judicial process). Because he is pursuing a claim for injunctive relief based on a failure to provide adequate treatment for his asthma elsewhere, he may not proceed on that claim here.

For these reasons, the court:

(1) LIFTS the stay (ECF 9);

(2) DIRECTS the clerk to add the Indiana State Prison Warden in his official capacity as a defendant

(3) GRANTS Keith Cleveland leave to proceed against the Indiana State Prison Warden in his official capacity to obtain injunctive relief to remedy the conditions of his confinement related to his clothing and bedding to the extent required by the Eighth Amendment;

(4) GRANTS Keith Cleveland leave to proceed against Sgt. Gordon in her individual capacity for monetary damages for subjecting him conditions of confinement related to his clothing and bedding that violate the Eighth Amendment;

(5) GRANTS Keith Cleveland leave to proceed against the Indiana State Prison Warden in his official capacity to obtain injunctive relief to receive medical treatment for his neck as required by the Eighth Amendment;

(6) DISMISSES all other claims;

(7) DISMISSES D.O.C. and Indiana State Prison Medical;

(8) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Indiana State Prison Warden and Sgt. Gordon at the Indiana Department of Correction with a copy of this order and the complaint (ECF 11) as required by 28 U.S.C. § 1915(d); and

(9) ORDERS pursuant to 42 U.S.C. § 1997e(g)(2), the Indiana State Prison Warden and Sgt. Gordon to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 24, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT