UNITED STATES DISTRICT COURTe
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH CLEVELAND,

        Plaintiff,

        v.                          CAUSE NO. 3:19-CV-420-JD-MGG

SGT. GORDON, et al.,

        Defendants.

OPINION AND ORDER

Keith Cleveland, a prisoner without a lawyer, alleges that, on May 18, 2019, Sgt.

Gordon, knowing that he has a bullet in his neck that causes him pain, ordered that his

bedding be taken away. ECF 11. According to the amended complaint, since that time,

he has been forced to sleep naked on a rusty, metal bed with no covers. *Id.* He was

granted leave to proceed against the Indiana State Prison Warden in his official capacity

for injunctive relief only to remedy the conditions of his confinement related to his

clothing and bedding to the extent required by the Eighth Amendment and to receive

medical treatment for his neck, as required by the Eighth Amendment. ECF 14. He was

also granted leave to proceed against Sgt. Gordon for monetary damages for subjecting

him to conditions of confinement related to his clothing and bedding that violate the

Eighth Amendment. *Id.* All other claims and defendants were dismissed from this

action. *Id.*

After this case was screened, Cleveland was transferred from Indiana State

Prison to Wabash Valley Correctional Facility. ECF 38-39. "If a prisoner is transferred to

another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Here, there is no reason to believe that Cleveland is likely to be transferred back to Indiana State Prison. Accordingly, the claims against the Indiana State Prison Warden in his official capacity will be dismissed as moot, leaving only one claim for further consideration: that Sgt. Gordon subjected Cleveland to unconstitutional conditions of confinement by removing his clothing and bedding. Each party seeks summary judgment, and Cleveland filed a variety of other motions.

## Summary Judgment

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* In deciding whether summary judgment is appropriate, the deciding court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in his or her own

pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). If the nonmoving party does not establish the existence of an essential element on which that party bears the burden of proof at trial, summary judgment is proper. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). Summary judgment "is the put up or shut up moment in a lawsuit ...." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

<u>Cleveland's Motions</u>

Cleveland filed a document he titled as a "disposition motion," in which he argues that his claims are meritorious. He seeks judgment in the amount of $750,000. ECF 50.

He has also filed a one-page motion for summary judgment addressing the merits of his claims. ECF 51. The motion for summary judgment is not signed. Federal Rule of Civil Procedure 11(a) requires that all filings be signed. But even if it were signed, the motion is woefully inadequate. When a party moves for summary judgment, Federal Rule of Civil Procedure 56 provides that he must cite to materials in the record that shows the presence or absence of a genuine issue of material fact. Cleveland cites to no material in the record whatsoever. This Court's local rules further provide that he "must include a section labeled 'Statement of Material Facts" that identifies the facts that the moving party contends are not genuinely disputed." N.D. Ind. L.R. 56-1. His motion does not include a Statement of Material Facts. Additionally,

this court's local rules require that a summary judgment motion be accompanied by a supporting brief. See N.D. Ind. L.R. 7-1(b)(3). Cleveland did not provide a supporting brief.

Procedural deficiencies aside, Cleveland's "disposition motion" and motion for summary judgment consist of a total of four pages. Much of those four pages are spent discussing Cleveland's asthma, but he was not granted leave to proceed on any claims related to his asthma in this case. ECF 14 at 3-4. Likewise, he alleges that Sgt. Gordon was deliberately indifferent to his serious medical need (ECF 51 at 2) but that is not a claim that he was granted leave to proceed on here either. Because neither motion establishes that judgment in Cleveland's favor is warranted, they will be denied.

Cleveland has also filed several motions and letters asking for a ruling or status update on his motion for summary judgment. ECF 65; ECF 66; ECF 68; ECF 69; ECF 71; ECF 72. These filings suggest that Cleveland believes his cases should receive immediate attention, superior to all other matters before the court. Certainly, this case is important, but all cases filed in this court are important. Cleveland's cases are not the only cases pending before this court. It takes time to accurately review and justly rule on each filing. Doing that is delayed by unnecessary motions like these. Accordingly, each of these requests (ECF 65; ECF 66; ECF 68; ECF 69; ECF 71; ECF 72; ECF 73) will be denied.

Defendants' Summary Judgment Motion

Defendants' motion for summary judgment establishes that, on May 18, 2019, Cleveland received a conduct report for battery and refusing an order. ECF 56-3 at 1. Following the incident, Sgt. Gordon ordered that Cleveland's cell be "stripped out" and all personal possessions removed for approximately twenty-four hours. ECF 56-3 at 1; ECF 56-4 at 2. Cleveland indicates that he suffered a gunshot wound in 2010, and that a bullet is lodged near his spine. He further alleges that Sgt. Gordon knew this prior to ordering that his cell be stripped out.[1]

The Eighth Amendment requires that prison officials ensure inmates are housed in humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Inmates are entitled to adequate food, clothing, shelter, medical care, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Cleveland was allowed to proceed against Sgt. Gordon on the conditions of confinement claim because his amended complaint (ECF 11), filed July 24, 2019, suggested that he had been without a mat or bedding since May 18, 2019. But, the evidence before the court is that Sgt. Gordon only ordered that the cell be stripped out for a period of approximately twenty-four hours. It is unclear when Cleveland's mat was returned,[2] but there is no evidence that any deprivation of his mat

_____

[1] Sgt. Gordon denies knowledge of a bullet in Cleveland's spine (ECF 56-4 at ¶ 8), but this matter is not material to the outcome of the motions pending before the court.

[2] Medical records suggest that he did not have a mat on July 4, 2019. ECF 56-2 at 39. It is unclear if the mat had been returned and then removed again (as defendants suggest) or whether he had been without the mat since May 18, 2019.

beyond approximately twenty-four hours was the result of Sgt. Gordon. Such a brief deprivation – even in light of knowledge of the bullet lodged in Cleveland's spine – is insufficient to implicate constitutional concerns. While a lack of bedding for more than a week may amount to an Eighth Amendment violation, *see Townsend v. Cooper*, 759 F.3d 678, 687 (7th Cir. 2014), the sort of short-term deprivation at issue here is not sufficiently serious to implicate the Constitution. Accordingly, the defendants' motion for summary judgment must be granted.

For these reasons, the court:

(1) DENIES Keith Cleveland's Disposition Motion (ECF 50);

(2) DENIES Keith Cleveland's Motion for Summary Judgment (ECF 51);

(3) DENIES Keith Cleveland's multiple requests for ruling and status updates (ECF 65; ECF 66; ECF 68; ECF 69; ECF 71; ECF 72; ECF 73); and

(4) GRANTS Defendants' Motion for Summary Judgment (ECF 56) and DIRECTS the clerk to enter judgment in favor of the defendants and close this case.

SO ORDERED on January 19, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT